UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAIME GENTRY, as Natural Guardian of Riley       :
Gentry,                                          :
                                                 :
            Plaintiff,                           :
vs.                                              :    Case No.
                                                 :
PC 11241 WEST COLONIAL DRIVE OWNER,              :
LLC, a Delaware Limited Liability Company,       :
                                                 :
            Defendant.                           :
_____/

## COMPLAINT
*(Injunctive Relief Demanded)*

Plaintiff, Jaime Gentry, as natural guardian of Riley Gentry, a minor, and on behalf of all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, PC 11241 West Colonial Drive Owner, LLC, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA").

1.     Plaintiff, Jaime Gentry, and her son Riley Gentry, a minor, reside in Parkland, Florida, in the County of Broward.

2.     Defendant's property, OYO Townhouse Orlando West is located at 11241 W. Colonial Dr., Ocoee, FL 34761, in the County of Orange.

3.     Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See also*, 28 U.S.C. § 2201 and § 2202.

5.      Plaintiff, Jaime Gentry, as natural guardian of Riley Gentry, is a Florida resident, is sui juris.  Her son, Riley Gentry, is disabled as defined by the ADA.  Riley Gentry, born December 21, 2004, has a very complex medical history including multiple heart surgeries for hypoplastic left heart.  He also has a history of chronic back pain and scoliosis related to this.  It is medically necessary for him to have a scooter style wheelchair.  Mr. Riley cannot walk more than 30 feet without the use of a wheelchair.

6.      Ms. Jaime Riley goes to Orlando and the surrounding cities regularly with her son, Riley, to enjoy together the vast amount of tourist attractions available there.  She has a yearly pass to Universal Studios.  The subject hotel is near most of the area's major tourist attractions, including Disney World, Disney's Animal Kingdom, and Universal Studios.  The subject hotel is also in close proximity to Orlando Health General Hospital.

7.      Plaintiff Jamie Riley and her son, Riley, were guests of the hotel on December 11 to 12, 2020.  Plaintiff and her son, Riley, would return to the subject hotel in the near future, if the hotel was accessible for them to use.

8.      The ADA violations as set forth herein, have endangered Riley Gentry's safety, and will in the future continue to endanger his safety, until the barriers are corrected.

9.      Defendant owns and/or operates the subject hotel, OYO Townhouse Orlando West.

10.     According to the public records of Orange County, the subject hotel was constructed on 2001, and the Defendant acquired same on September 26, 2019.

11.     The subject property, a hotel, is operated by private entities whose operation

affect commerce and are a public accommodation as defined by the ADA and its implementing regulations. *See*, 28 C.F.R. § 36.104.

12.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.   Plaintiff desires to visit the OYO Townhouse Orlando West, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

13.     The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182, *et seq*., as described in paragraph 15.

14.     Title III prohibits the failure to design and construct hotels built for first occupancy after January 26, 1993, to be readily accessible to and useable by in individuals with disabilities in accordance with the ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. part 36, app A 42 U.S.C. § 12182(a)(1); 28 CFR 36.401, 36.406(a).

Title III prohibits the failure to make alterations to hotels in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and useable by individuals with disabilities in accordance with the ADA Standards.   42 U.S.C. § 12183(a)(2); 28 CFR §§ 36.402, 403, 36.406(a).

Structures that existed before January 26, 1993, or facilities that the present owner did not design or construct, provided said facilities have not been altered as defined above, need

not meet the same design and implementation standards as facilities build before January 26, 1993, or facilities that the present owner did not design or construct.  In such cases, the ADA states that discrimination includes a private entity's "failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv) "Where removal is not readily achievable," failure of the entity to make goods, services and facilities "available through alternative methods if such methods are readily achievable," may constitute discrimination under the ADA.  42 U.S.C. § 12182 (b)(2)(A)(iv).

The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses." 42 U.S.C. §12181(9)

Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable."  These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.  Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269. 1272-73 (11th Cir. 2006)

The obligation to engage in readily achievable barrier removal is a continuing one.  Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances.  DOJ ADA Technical Assistance Manual, Sec. III-4.4400 Continuing obligation.

15.     A preliminary inspection of the OYO Townhouse Orlando West has shown that violations exist.  These violations that Plaintiff has personally encountered or observed include, but are not limited to:

**A.     <u>Vehicle Pull Up Space</u>**

    1.     The Plaintiff had difficulty to safely transverse to the lobby entrance, as there is no marked aisle adjacent to the vehicle pull up space of the passenger loading zone, in violation of Sections 503.3 and 503.3.3 of the 2010 ADA Standards.  The removal o this barrier is readily achievable as it is cited as an example of readily achievable in Section 36.304(b)(18) – Removal of barriers – creating designated accessible parking spaces.

**B.     <u>Accessible Route</u>**

    1.     The Plaintiff had difficulty traversing from the accessible parking to the entrance of the lobby, in violation of Section 206.22 of the 2010 ADA Standards.   The removal of this barrier is readily achievable as it set forth as priority 1 under the removal of barriers in Section 36.304(a)(1).

    2.     The Plaintiff had difficulty in traversing on the accessible route, as the curb ramps throughout the facility do not provide level landings at the top of the curb ramps, in violation of Section 406.4 in the 2010 ADA Standards.  The removal of the barrier is readily achievable as it is a cited barrier as an example of readily achievable in Section 36.304(b)(1) – Removal of barrier – installing ramps.

**C.     <u>Parking</u>**

    1.     The Plaintiff had difficulty traversing and using the parking stall, as there are parking stall and access aisle have a cross-slope that exceeds 2% in violation of Section 502.4 in the ADA Standards.  The removal of the barrier is readily achievable as it is a cited barrier as an example of readily achievable in Section 36.304(b)(18) – Removal of barrier – creating designated accessible parking spaces.

**D.     <u>Entrances</u>**

    1.     The Plaintiff was not informed of whether the main entrance was accessible, as the main entrance does not provide the International Symbol of Accessibility as required in Section 703.7.2.1 of the 2010 ADA Standards.  The removal of the barrier is readily achievable as the cost is minimal to purchase and install a sign.

2.      The main lobby counter does not have a lowered section in the counter in violation of 904.4 of the 2010 ADA Standards.  The removal of the barrier is readily as the cost to lower the counter or installing a folding shelf is minimal and the benefit is very significant.

E.      **Pool Area**

1.      The Plaintiff had difficulty operating the pool hardware, as it requires tight grasping and pinching of the wrist in violation of Section 209.4 of the ADA Standards.  The removal of the barrier is readily achievable as the cost to change the hardware is minimal compared to the benefit.

2.      The pool gate was difficult for the Plaintiff to operate, as the pull side of the gate does not provide 18 inches of latch side clearance, in violation of Section 404.2 of eh 2010 ADA Standards.  The removal of the barrier is readily achievable as it is similar to a cited barrier as an example of readily achievable in Section 36.304(b)(8) – Removal of barriers – widening doors.  Providing latch side clearance can be achieved by installing an automatic door opener.

F.      **Public Restrooms**

1.      The Plaintiff faces non compliant signage on the door to the public restroom.  Disabled signage is on the door instead of the latch side, in violation of Sections 703.4(1) and (2) of the ADA Standards.  The removal of this barrier is readily achievable as its cost is minimal and benefit significant.

2.      The Plaintiff had difficulty utilizing the soap dispenser as the clear floor space for an approach is obstructed by the lavatory, in violation of Sections 305.5 and 305.6 of the ADA Standard.  The removal of the barrier is readily achievable as the cost to remedy is minor compared to the benefit.

3.      The Plaintiff had difficulty using the toilet, as the trash receptacle and lavatory are obstructing the toilet's 60 inches of perpendicular maneuvering clearance from the side wall, in violation of Section 604.3.1 of the ADA Standards.  The removal of the barrier is readily achievable as the cost to remedy is minor compared to the benefit.

4.      The Plaintiff had difficulty using the side wall grab bar as it does not extend 54 inches from the real wall, in violation of Section 604.5.1 of the 2010 ADA Standards.  The removal of the barrier is readily achievable as it is a cited barrier as an example of readily achievable in Section 36.304(b)(12) - Removal of barrier – Installing grab bars in toilet partitions.

5.      The Plaintiff had difficulty flushing the toilet as the as the flush control is not located on the open side of the water closet, in violation of Section 604.6 in the 2010 ADA Standards.  The removal of this barrier is readily achievable as the cost to remedy the violation is minor compared to the benefit of removing the barrier, and the cost to remedy the barriers are minor compared to those set forth in 36.304(b)(1-21).

6.      The Plaintiff had difficulty utilizing the lavatory as the lavatory does not provide compliant knee and toe clearance, in violation of Sections 606.2, 306.2, and 306.3 of the ADA Standards.  The remedy of this barrier is readily achievable as the cost to remedy is minor compared to the benefits of removing this barrier, and the cost to remedy the barrier is minor compared to those set forth in Section 36.304(b)(1-21).

7.      The Plaintiff had difficulty exiting the men's restroom, as the restroom door does not provide the required 18" of latch side maneuvering clearance to exit the restroom, in violation of Section 404.2.4 of the 2010 ADA Standards.  The removal of this barrier is readily achievable as the cost to remedy the violation is minor compared to the benefit of removing the barrier and the barrier is included in the list of those considered readily achievable.  See 29 CFR 36.304(b)(8).

8.      The Plaintiff had difficulty gaining access to the coat hook, as it if mounted higher than the maximum height allowance of 48 inches, in violation of Section 603.4 of the ADA Standards.  This removal of this barrier is minor compared to the benefit of removing the barrier, and the cost to remedy the barriers are minor compared to those set for the in Section 36.304(b)(1-21).

**G.      Guest Room 110**

1.      The Plaintiff had difficulty identifying the disabled signage on the guestroom, as the wall does not provide the International Symbol of Accessibility, in violation of Sections 703.4.1, 703.4.2, and 703.7.2.1 of the 2010 ADA Standards.  The removal of this barrier is readily achievable as the cost to remedy the barrier is minor compared to the benefit of removing eh barrier, and the cost to remedy the barriers are minor compared to those set forth in 36.304(b)(1-21).

2.      The Plaintiff had difficulty entering the disabled room as the door threshold has a vertical change in level greater than 1/4 inch, in violation of Sections 303.2 and 404.2.5 of the 2010 ADA Standard.  The removal of this barrier is readily achievable as the cost to remedy the barrier is minor compared to the benefit of removing the barrier, and the cost to remedy the barriers are minor compared to those set forth in 36.304(b)(1-21).

3.     The Plaintiff had difficulty using the toilet as the toilet is 19 inches from the side wall, when the permissible distance is between 16"-18", in violation of Section 604.2 of the 2010 ADA Standards.  The removal of this barrier is readily achievable as the cost to remedy is minor compared to the benefit of removing the barrier, and the cost to remedy the barrier are minor compared t o those set forth in Section 36.304(b)(1-21).

4.     The Plaintiff had difficulty utilizing the toilet paper dispenser as the toilet paper dispenser is not in the compliant location of a minimum 7 inches and maximum 9 inches from the front of the toilet to the center line of the toilet paper required by Section 604.7 of the 2010 ADA Standards.  The removal of this barrier is readily achievable as the cost to remedy is minor compared to the benefit of removing the barrier, and the cost to remedy the barrier are minor compared to those set forth in Section 36.304(b)(1-21).

5.     The Plaintiff had difficulty using the side wall grab bar as the side wall grab bar is installed 36 3/8 inches above the finished floor to the top of the gripping surface, which exceeds the maximum height allowance of 36".  The removal of this barrier is readily achievable as the cost to remedy the barriers is minor compared to the benefit of removing the barriers, and the cost to remedy the barriers are minor compared to those set forth in Section 36.304(b)(1-21).

6.     The Plaintiff had difficulty using the shower, as the roll in shower controls are not in the compliant location, in violation of Section 608.5.2 of the ADA Standards.  The removal of this barrier is minor compared to the benefits of removing the barriers, and the cost to remedy the barrier is minor compared to those set forth in 36.304(b)(1-21).

7.     The Plaintiff had difficulty operating the shower spray unit, as the on/off control does not have a non-positive shutoff, in violation of Section 608.6 of the 2010 ADA Standards.  The removal of this barrier is readily achievable as the cost to remedy the barriers is minimal compared to the benefit of removing the barrier, and the cost to remedy the barriers is minor compared to those set forth in 36.304(b)(1-21).

8.     The Plaintiff had difficulty using the roll in shower, as the standard type roll in shower provided did not provide a folding seat as required and the removable shower seat is 15 ½ inches above the finished floor to the top of the seat which does not meet the requirement of 19", in violation of Section 608.4 and 610.2 in the 2010 ADA Standards.  The removal of the barrier is readily achievable as the cost to remedy the barrier is minor compared to the benefit of removing the barrier, and the cost of remedying the barriers are minor compared to those set forth in 36.304(b)(1-12).

9.      Plaintiff had difficulty utilizing the mirror as it is mounted too high.  The mirror is 43 1/2 inches above the finished floor to the bottom of the reflecting surface which exceeds the maximum height allowance of 40 inches, in violation of Section 603.3 of the 2010 ADA Standards.  The removal of this barrier is readily achievable as the cost to remedy the violation is minor compared to the benefit of removing the barrier and the barrier is included in the list of those considered readily achievable. *See,* 28 CFR § 36.104(b).

10.     Plaintiff had difficulty utilizing the bed as the clothing rack/shelf and ironing supplies are obstructing the 36 inches of clear width in violation of Sections 305.71, and 403.5.1 in the 2010 ADA Standards. The removal of the barrier is readily achievable as it is a cited barrier as an example of readily achievable in Section 36.304(b)(1-21). – Removal of barrier – Rearranging . . . display racks, and other furniture.

11.     The Plaintiff had difficulty utilizing the desk as the desk does not have the minimum knee clearance, in violation of Section 306.3 of the 2010 ADA Standards.  The removal of the barrier is readily achievable as the coast to remedy the barrier is minor compared to the compared to the benefit of removing the barrier, and the cost of remedying the barrier is minor compared to those set forth in 36.304(b)(1-21).

12.     The Plaintiff had difficulty without assistance in reaching the curtain rod as it exceeds the maximum height of 48", in violation of Sections 308.2 and 309.3 in the 2010 ADA Standards.  The removal of the barrier is readily achievable as the cost to remedy the barrier is minor compared to the benefit of removing the barrier, and the cost of remedying the barrier is minor compared to those set forth in 36.304(b)(1-21).

**H.**    **Number and Dispursement of Guest Rooms**

1.      The subject hotel lacks the required number of compliant disabled rooms and the compliant disabled rooms are not dispersed amongst the various classes of guest rooms, in violation of Section 224.5 of the 2010 ADAAG

**F.**    **Maintenance**

1.      The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211.

16.     All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

17.     The discriminatory violations described in paragraph 15 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly-situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

18.     Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 *et seq*., and 28 C.F.R. 36.302 *et seq*.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

19.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205, and 28 C.F.R. 36.505.

20.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the OYO Townhouse Orlando West to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

A.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

B.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. Require the Defendant to maintain its accessible features on an ongoing basis, as required by law.

D. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

E. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

John P. Fuller, Esq.
Fla. Bar No. 0276847
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone (305) 891-5199
Facsimile  (305) 893-9505
jpf@fullerfuller.com

*Attorneys for Plaintiff*

12